IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| L.G. PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) 11-CV-3236 |
| STEVE DREDGE and ARAMARK CORRECTIONAL SERVICE, LLC, | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se, is detained in Rushville Treatment and Detention Center. He pursues claims for deliberate indifference to his need for a gluten-free diet because he suffers from celiac disease. Defendants move for summary judgment. At this stage, the Court views the evidence in the light most favorable Plaintiff, with material factual disputes in Plaintiff's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

No one disputes that Plaintiff has a serious need for a gluten-free diet. He lost 60-70 pounds from his 250-pound frame before his celiac disease was diagnosed, and he spent three months in the

1

infirmary on a liquid diet to recover. (Pl's Dep. pp. 10-12.) Defendants, though, have accommodated Plaintiff's need by providing a gluten-free diet. Plaintiff has gained all his weight back and his celiac symptoms have either disappeared or markedly improved. (Goldberg Aff. para. 14; Pl.' s Dep. pp. 11, 17.)

According to Registered Dietitian Julianne Croegaert, who is also the Director of Nutrition & Operational Support Services at Rushville, the diet designed for Plaintiff is gluten-free and "comports with and meets all the necessary nutritional and medical guidelines and requirements for an individual with celiac disease." (Croegaert Aff. para. 13.) Gastroenterologist Michael Goldberg, M.D., M.B.A., echoes this opinion: "The Gluten Restricted Diet and the menus prepared for Mr. Phillips meet his nutritional and medical needs as a person." (Goldberg Aff. para. 12.) Plaintiff's meal plan was also approved by Rushville's medical department. (Croegaert Aff. para. 10.)

Aramark provides additional food items to residents through a program called "FreshFavorites." Residents can buy food through the FreshFavorites program with points they have earned or with cash. The food available through the FreshFavorites program is not

2

designed to meet the requirements of those with special diets and is in addition to the regular meals provided. One time Plaintiff bought a hot dog through the FreshFavorites program and was disappointed to discover that the hot dog came on a regular bun. (Pl.'s Dep. pp. 42-50.) The FreshFavorites program does not appear to be part of Plaintiff's claim, as he does not address the issue in his response. In any event, the issue in this case is whether Plaintiff is being provided nutritionally-adequate gluten-free meals, not whether Plaintiff can buy additional gluten-free items through the FreshFavorites program or the commissary.

Plaintiff does not dispute that the diet designed for him is gluten-free and meets his nutritional needs. He contends that, despite the written meal plan, he still receives food containing gluten on his meal tray. However, this contention appears to be attributable in part to some miscommunication about whether the meat patties provided to Plaintiff contain gluten. A generic Aramark information sheet states that a gluten-restricted diet does *not* include "cold cuts, sausages, franks, or turkey roll. No breaded meat, meatballs, salisbury, or meatloaf." (Aramark Memo, d/e 45-9, p. 1.) However, Julianne Croegaert avers that the dinner loaf

patty, breakfast patty, and chicken and beef patties provided to Plaintiff are gluten-free, based on her own review of the ingredients. (Croegaert Aff. para. 15.) Plaintiff's fear that the meat patties on his tray contain gluten is not supported by any evidence.

The parties do not dispute that Plaintiff does in fact sometimes receive food containing gluten on his tray, such as desserts, regular salad dressing, and bread. When this happens, Plaintiff generally informs the cafeteria workers, who apologize and offer to replace the food item. Plaintiff argues that Defendant Dredge, the food service director at Rushville, and Aramark should better supervise the cafeteria workers to prevent these mistakes. However, Plaintiff's claim is based on a constitutional violation: deliberate indifference to Plaintiff's need for a gluten-free diet.[1] McGee v. Adams, 721 F.3d 474, 480 (7th Cir. 2013). Deliberate indifference is "'essentially a criminal recklessness standard, that is, ignoring a known risk.'" Id. (quoted cite omitted). Negligence, even gross negligence, is not enough. Id.

---

[1] Plaintiff's claim is governed by the Fourteenth Amendment, not the Eighth Amendment, but there is no practical difference between the legal standards on a claim for lack of medical care. Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 301 n.2 (7th Cir. 2010); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001).

4

Plaintiff's evidence does not support an inference of a systemic failure to provide Plaintiff a gluten-free diet, much less an inference that Defendants were deliberately indifferent to any such systemic failure. Plaintiff is doing well by his own testimony and by the affidavit of Defendants' expert Dr. Goldberg. No evidence indicates that Plaintiff's current diet is inadequate or presents a risk of harm. By Plaintiff's own testimony, Defendants began buying gluten-free foods as soon as they were informed of Plaintiff's needs. (Pl.'s Dep. p. 34.)

Plaintiff also argues that his meals should be prepared separately from the regular meals, in order to avoid any contamination. Certainly, Rushville "does not have a separate kitchen for the preparation of gluten-free items, and for this reason only, the statement 'this diet is not completely gluten-free'" is included in the diet plan. (Croegaert Aff. para. 14.) However, the diet is in fact a gluten-free diet. <u>Id.</u> Plaintiff's concern that his meals are contaminated with gluten because his meals are prepared in the same kitchen as the regular meals is not supported by any evidence. <u>Herzog v. Graphic Packaging Intern., Inc.</u>, 742 F.3d 802 (7th Cir. 2014)("'Inferences that are supported by only speculation or

conjecture will not defeat a summary judgment motion.'")(quoted cite omitted).  As discussed, Plaintiff has gained back all his weight and has not had a problem with his celiac disease since he was put on the gluten-free diet in 2011, after his diagnosis.

In short, Plaintiff has no evidence that Aramark or Steve Dredge have been deliberately indifferent to Plaintiff's need for a gluten-free diet.  Summary judgment is, therefore, mandated for Defendants.  <u>Harney v. Speedway SuperAmerica, LLC</u>, 526 F.3d 1099, 1104 (7th Cir. 2008)("When the moving party has met the standard of Rule 56, summary judgment is mandatory.")

The Court notes that Plaintiff is understandably vigilant about his diet after his health scare.  Seeing a brownie on his plate likely causes Plaintiff to worry about whether the rest of the food on his plate is safe to eat.  To avoid future misunderstandings, Defendants might consider providing Plaintiff with a copy of the monthly meal plan and allowing him to write Julianne Croegaert about concerns he has about upcoming meals.  Having a copy of his meal plan would empower Plaintiff to compare the meals he receives with the meals on the plan, providing some reassurance that the meals are safe to eat.

IT IS THEREFORE ORDERED:

1. Defendants' motion for summary judgment is granted (d/e 45). The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

2. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c).

ENTER:

FOR THE COURT:

<u>s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE